## AARON WHITNEY *vs.* LUKE BLANCHARD.

The provision of *St.* 1851, *c.* 94, § 2, that no constable shall be competent to serve civil process, until he shall have given bond to the city or town for the faithful performance of his duties, applies to constables who were in office at the time of its passage.

A person, who, by false representations that he is qualified to serve civil process, induces another to commit a writ to him for service, is not liable to an action for neglecting to serve it.

ACTION OF TORT, against a constable of the town of Boxborough, for neglecting to serve and return a writ sued out by the plaintiff, and committed to him for service. Answer, that the defendant, when said writ was committed to him, was not a constable of Boxborough, qualified to serve civil process therein, inasmuch as he had not given the bond required by *St.* 1851, *c.* 94, § 2.

Whitney *v.* Blanchard.

At the trial, in the court of common pleas, the plaintiff proved that the defendant brought to the office of the plaintiff's attor- ney the note described in said writ, and said that he was a constable of the town of Boxborough, and induced the plaintiff to have said writ made, and engaged to serve and return it, and took it for service ; but never served or returned it. The defendant proved that he was chosen constable of Boxborough before the passage of the *St.* of 1851, *c.* 94, but had never given the bond prescribed by that statute.

The plaintiff contended that the statute of 1851 did not apply to a constable chosen before it was passed ; and also that the defendant was estopped by the above facts to deny that he was a constable duly authorized to serve writs. But *Wells*, C. J. ruled that, if the defendant had not given bond, he was not liable in this action, and so instructed the jury, who returned a verdict for the defendant. The plaintiff alleged exceptions to this ruling.

*B. Russell*, for the plaintiff.

*J. Q. A. Griffin*, for the defendant.

BIGELOW, J. It is enacted by *St.* 1851, *c.* 94, § 2, that "no constable shall be competent to serve any writ or execution in any civil action, until he shall have given to the city, or the inhabitants of the town, for which he may have been appointed or chosen, a bond, with sureties, in a sum not less than five hundred dollars, with condition for the faithful performance of his duties as constable, in the service of all civil processes which may be committed to him." This provision is, by its terms, applicable to those constables who were in office at the time of its enactment, and took away their power to serve civil pro- cesses, until they had complied with its requisition. To this extent, it was inconsistent with Rev. Sts. *c.* 15, § 71, and operated to repeal it. Where two statutes upon the same subject matter are inconsistent with each other, the latter abrogates the former, without express words of repeal.

It follows as a necessary consequence from this construction of the statute, that this action cannot be maintained. The defendant, at the time he received the writ in favor of the plain-

18 *

tiff, not having given the prescribed bond, had no legal authority to serve the process; and cannot be held liable in damages for omitting to do that which he could not legally do. If he had served the writ, in compliance with the plaintiff's direction, it would have been a nullity. The plaintiff would have received no benefit from a service of his writ by a person not authorized to serve it, and cannot therefore have sustained any damage by the omission to do an act, which could have been of no advantage to him if it had been done. For this reason, the doctrine of estoppel *in pais*, upon which the plaintiff relies, is inapplicable to the present case. If the defendant were precluded from proving his own want of authority, it would nevertheless be necessary for the plaintiff to show, in support of his action, that some damage had been sustained by him by the failure of the defendant to serve the writ. This he could not do, because a service, if made, would have been illegal and useless.

The plaintiff has mistaken his remedy. His cause of action, if he has any, is not against the defendant for neglecting as an officer to serve process, but for representations and inducements held out to him by the defendant, whereby he was led to intrust his writ to a person for service who had no legal authority to serve it. *Exceptions overruled.*